## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| **NORMAN KIRBY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 21-1238-JWB-GEB** |
| | ) | |
| **BROKEN SKULL TRUCKING INC., et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants Blase Trucking, LLC and Eric Blase's Motion to Strike (**ECF No. 27**) portions of Plaintiff's Complaint (ECF No. 1). On February 4, 2022, the Court held scheduling conference and discussed with counsel the pending motion. Neither Broken Skull Trucking, Inc. nor Jason J. Spotanski filed a brief taking any formal position on the pending motion. After review of the parties' briefing (ECF Nos. 27, 33, 36) and considering the arguments of counsel, the Blase Defendants' Motion to Strike (**ECF No. 27**) is **DENIED in part and GRANTED in part** as explained below.

## I.    Background[1]

Plaintiff Norman Kirby, a resident of Goodland, Kansas, was severely injured in a motor vehicle accident which occurred when his vehicle collided with a tractor-trailer. The

---

[1]  Unless otherwise noted, the information recited in this section is taken from the briefs regarding the pending motion (ECF Nos. 27, 33, 36); from the pleadings (*see* Complaint, ECF No. 1, and related Answers, ECF Nos. 13, 30, 31); and from the parties' Report of Parties' Planning Meeting (maintained in chambers' file). This background information should not be construed as judicial findings or factual determinations.

lead tractor-trailer, driven by defendant Jason Spotanski, was driving in a convoy of three tractor-trailers, heading into a high wind and severe weather area. Plaintiff alleges the trailer drivers informed their dispatch, through defendants Blase Trucking and Eric Blase, they believed they were heading into a tornado. However, the tractor-trailers continued through the storm, and the truck Spotanski was driving was blown left of center, causing the head-on collision with Plaintiff's vehicle. Plaintiff claims the three tractor-trailers violated multiple industry standards of care, and the convoy was dispatched by Eric Blase and Blase Trucking operating under a bill of lading identifying Blase Trucking, LLC as the motor carrier. (ECF No. 1; *see also* Plaintiff's Summary, Parties' Planning Report.) Plaintiff brings multiple claims of negligence, vicarious liability and wanton conduct against four named Defendants, grouped into two categories: 1) the Broken Skull Defendants: Broken Skull Trucking, Inc., and Jason J. Spotanski; and 2) the Blase Defendants: Blase Trucking, LLC, and Eric A. Blase.

The Blase Defendants contend Blase Trucking is owned by Eric Blase, but Blase Trucking leased its trailer to Broken Skull Trucking for the subject job. They maintain their lease agreement requires Broken Skill to indemnify Blase Trucking from any claims arising from Broken Skull's use of the trailer, and Blase Trucking cannot be held liable for the negligence of Broken Skull or Spotanski. (*See* Answers, ECF No. 30, 31.)

The Broken Skull Defendants deny any negligence and dispute the nature and extent of Plaintiff's damages. (*See* Answer, ECF No. 13.)

This matter was set for scheduling following the Answers by all Defendants. As noted above, prior to the scheduling conference the undersigned U.S. Magistrate Judge had the opportunity to review both the briefing on the issue and the pleadings themselves and was

prepared to rule at the conference. For the reasons set forth below, the Court denied in part and granted in part the motion.

## II.      Motion to Strike (ECF No. 27)

The Blase Defendants seek to strike multiple paragraphs from the Complaint, including ¶¶ 12, 13, 14, 17,49, 51, 52, 53, 54, 106, 107, 108, 109, 110, 111, 121 (A-E, O), 123, and 133. (ECF No. 27 at 2.) They claim the paragraphs contain numerous immaterial and scandalous allegations against Defendants that do not relate to Plaintiff's claims. They argue the paragraphs should be stricken for three reasons: 1) because they reference defendant Spotanski's criminal history; 2) because the screenshots from the website "Safer Web" are immaterial and not sufficiently tied to Plaintiff's allegations; and 3) a screenshot from defendant Spotanski's Facebook page is also immaterial to the claims alleged. (ECF No. 27.) The Blase Defendants request the paragraphs be stricken because they are immaterial and may cause prejudice to defendant Spotanski.

In response, Plaintiff argues the facts alleged in his Complaint are essential to his case. He claims Spotanski's criminal history is relevant to his claims in two respects. He claims Spotanski's child abuse and domestic assault convictions referenced in paragraph 14 are relevant because Spotanski was on probation for those convictions and was granted early release when he applied for Department of Transportation authority to operate a vehicle for Broken Skull. (ECF No. 33 at 4-5.) Plaintiff also claims Spotanski's convictions of Nebraska motor carrier regulations are relevant to their claims of the Blase Defendants' negligent selection, hiring, training, supervision, and retention of defendants Spotanski and Broken Skull Trucking and negligent entrustment of a tractor-trailer to Spotanski, as well as his

punitive damages claim. (*Id.* at 6-7.) Plaintiff draws attention to the fact only the Blase Defendants objected to the inclusion of this criminal history, yet Spotanski did not himself object. Although unflattering, Plaintiff contends the criminal history of Spotanski is not scandalous or included with the intent to prejudice Defendants.

Plaintiff also argues Defendants' "Safer Web (the FMCSA Safety and Fitness Electronic Records System)" ratings, or lack thereof, are relevant to this case. He contends "information from the FMCSA's website helps explain that Defendant Broken Skull and the Blase Defendants selected and hired a 'New Entrant' unrated motor carrier to drive in hazardous high wind conditions with cattle trucks." (*Id.* at 11-12.) Again, Plaintiff contends while the allegations may be unflattering, they are material and do not rise to the level of scandalous.

Finally, Plaintiff argues the content of Spotanski's Facebook profile is relevant to his claims, because the screenshot of the Facebook profile "appears to show that, at the time the screenshot was taken, Spotanski was a hired hand of Blase Farms, LLC." (*Id.* at 12.) Plaintiff again draws attention to the fact that "Spotanski, whose Facebook profile is at issue, admitted its accuracy and authenticity, and took absolutely no issue with its inclusion in Plaintiff's Complaint." (*Id.* at 13, citing Spotanski's Answer, ECF No. 13, ¶ 49.) Plaintiff asserts the Facebook allegations are relevant and material to the Defendants' joint venture relationship, as well as the possible "reasons why the Blase Defendants chose to enter into a business relationship with Broken Skull and Spotanski." (ECF No. 33 at 13.)

Plaintiff maintains the Blase Defendants failed to meet their burden to prove the disputed allegations are either immaterial or prejudicial, even though they must establish both

in order for the paragraphs to be stricken. Plaintiff believes the allegations are neither scandalous nor harassing, and they are legitimately offered to support his theories of the case. The applicable legal standards and the parties' arguments are addressed in turn.

### A.    Legal Standard

Fed. R. Civ. P. 12(f) allows the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  This rule permits the Court to strike the information on its own, or act pursuant to a motion made by a party either prior to responding to the pleading, or if no response is permitted, within 21 days of being served with the pleading.[2]

Rule 12(f) presents two bases for striking an allegation from a pleading. First, a defense is considered insufficient "if it cannot succeed, as a matter of law, under any circumstances."[3] This first basis is not applicable here. But, applicable to this dispute is the second basis: an allegation "is considered redundant, immaterial, impertinent, or scandalous if it is 'so unrelated to plaintiff's claims as to be unworthy of any consideration . . . and . . . [its] presence in the pleading throughout the proceeding will be prejudicial to the moving party.'"[4]

"Immaterial matter" is further defined as "that which has no essential or important relationship to the claim for relief, or a statement of unnecessary particulars in connection

---

[2] Fed. R. Civ. P. 12(f).  In this case, Plaintiff filed his motion within 21 days of being served with Defendants' First Amended Answer and Counterclaim, and the parties raise no issue regarding timeliness.

[3] *Rajala v. McGuire Woods, LLP*, No. 08-02638-CM-DJW, 2011 WL 91948, at *2 (D. Kan. Jan. 11, 2011) (citing *Hayne v. Green Ford Sales, Inc.,* 263 F.R.D. 647, 648–49 (D. Kan. 2009) (other internal citations omitted).

[4] *Id.* (citing *Youell v. Grimes,* No. 00–2207–JWL, 2001 WL 121955, at *2 (D. Kan. Feb. 8, 2001) (quoting 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1380 at 650 (2d ed.1990)); *see also* 5C Wright & Miller, *Federal Practice and Procedure* § 1380 (3d ed. Apr. 2017 update).

with that which is material."[5] Although some courts have stricken immaterial matter that "may" also be prejudicial,[6] the prevailing approach in this District requires more. Most courts consider immateriality alone to be insufficient "to trigger the drastic remedy of striking parts of a pleading; the allegation *must also be* prejudicial" to the moving party.[7] "Prejudice occurs when the challenged pleading or allegation confuses the issues or is so lengthy and complex that it places an undue burden on the responding party."[8] Courts have described "scandalous" material to be that which is "irrelevant and 'degrade[s] defendants' moral character, contain[s] repulsive language, or detract[s] from the dignity of the court.'"[9]

Ultimately, the purpose of a Rule 12(f) motion to strike "is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."[10] But the striking of allegations is a drastic remedy. Motions to strike are "generally disfavored, and are usually not granted absent a showing of prejudice to the moving party."[11] The court has discretion to decide whether to strike a matter under Rule 12(f),[12] and

---

[5] *Dean v. Gillette*, No. 04-2100-JWL-DJW, 2004 WL 3202867, at *1 (D. Kan. June 8, 2004) (*Foster v. Pfizer Inc.,* No. 00–1287–JTM, 2000 WL 33170897, at *2 (D. Kan. Dec.12, 2000); *Miller v. Pfizer, Inc.,* No. 99–2326–KHV, 1999 WL 1063046, at *3 (D. Kan. Nov.10, 1999)).

[6] *See, e.g., Northern Natural Gas Co. v. L.D. Drilling Co., Inc.*, No. 08-1405-JTM, 2017 WL 1048365, at *2 (D. Kan. Mar. 20, 2017) (finding Rule 12(f) should be used to strike material "only when the material may be prejudicial to a party and lacks any possible relation to the controversy") (internal quotations and citations omitted).

[7] *Dean*, 2004 WL 3202867, at *1 (emphasis added) (citing *Foster,* 2000 WL 33170897, at *2).

[8] *Foster*, 2000 WL 33170897, at *2.

[9] *Dean*, 2004 WL 3202867, at *1 (citing *Foster,* 2000 WL 33170897, at *2) (other internal citations omitted).

[10] *Rajala*, 2011 WL 91948, at *2 (citing *Sidney–Vinstein v. A.H. Robins Co.,* 697 F.2d 880, 885 (9th Cir. 1983)).

[11] *Id*. (citing *Semsroth v. City of Wichita,* No. 06–2376–KHV–DJW, 2008 WL 45521, at *2 (D. Kan. Jan 2, 2008)) (other internal citations omitted).

[12] *Sawo v. Drury Hotels Co., LLC*, No. 11-2232-JTM-GLR, 2011 WL 3611400, at *2 (D. Kan. Aug. 15, 2011).

"any doubt concerning the import of the allegations to be stricken weighs in favor of denying the motion to strike.'"[13] The party seeking to strike portions of a pleading "has a 'demanding burden' to show adequate grounds under Rule 12(f)."[14]

### B.    Discussion

As noted, the first basis on which the Court could strike portions of the Complaint is if the disputed material equates to an insufficient defense that could not succeed as a matter of law under any circumstance.[15] Here, there are no such arguments presented, and the Court finds this basis inapplicable.

The focus of the Court here is to examine whether the disputed paragraphs are "redundant, immaterial, impertinent, or scandalous."[16] The Blasé Defendants claim the information is both immaterial and scandalous.

As to Plaintiff's Complaint paragraphs which reference Defendant Spotanski's criminal history (paragraphs 14, 50, 51, 52, 53 and 54, 109, 121, 123), the Court is split on its decision. The Court finds the timing of Spotanski's request for early release from probation and his history of violating motor carrier regulations relevant and material to Plaintiff's claims and denies the Blase Defendants' motion on those allegations. However, the Court finds the mention of Spotanski's specific child abuse and domestic assault conviction in ¶ 14 of the Complaint is a statement of unnecessary particulars, making it immaterial to the claims at issue in this case, and grants the Blase Defendants' motion only as to these specifics. The

---

[13] *Rajala,* 2011 WL 91948, at *2 (internal citation omitted).
[14] *Sawo*, 2011 WL 3611400, at *2.
[15] *Rajala*, 2011 WL 91948, at *2 (citing *Hayne,* 263 F.R.D. at  648–49) (other internal citations omitted).
[16] Rule 12(f); *see Rajala*, 2011 WL 91948, at *2.

Court takes note defendant Spotanski did not formally respond to the briefing on this issue; however, finding the specificity of these two criminal convictions unnecessary and immaterial, the Court does not engage in a full prejudice analysis. Suffice it to say, though, the Blase Defendants, as the moving parties, do not appear prejudiced by the mention of Spotanski's criminal history, particularly when Spotanski himself does not oppose its inclusion.

As for Plaintiff's allegations regarding the "Safer Web" ratings (paragraphs 12, 13, 17, 106 – 111), the Court finds the allegations relevant and material to Plaintiff's claims. A significant portion of Plaintiff's claims relies on the allegation defendant Broken Skull and the Blase Defendants selected and hired a "New Entrant" unrated motor carrier to drive in hazardous high wind conditions with cattle trucks, which these allegations attempt to support. The Court is persuaded by Plaintiff's arguments, and finds the information is not so unrelated to the claims in this case "as to be unworthy of any consideration"[17] and is therefore sufficiently material to avoid being stricken. And, the Court does not find the allegations rise to the level of prejudicial. These allegations do not confuse the issues, nor are they so lengthy and complex they place any undue burden on the Blase Defendants.

Plaintiff's inclusion of a screenshot of Spotanski's public Facebook page is also permitted. The Court agrees with Plaintiff's contention the information is relevant and material to Plaintiff's allegations of a joint venture relationship between Spotanski and the Blase Defendants. The inclusion of the information does not rise to the level of prejudicial or scandalous. In fact, again, defendant Spotanski admitted the accuracy and authenticity of the

---

[17] *Rajala*, 2011 WL 91948, at *2 (internal citations omitted).

screenshot and took no formal position on its inclusion in the Complaint. (*See* Answer, ECF No. 13 ¶ 49.) Therefore, the Court is hard-pressed to ascertain any prejudice from the information remaining as alleged in the Complaint.

In order for the Court to strike any of the allegations disputed, the material must be both immaterial and so scandalous they prejudice Defendants. All disputed allegations, except the specificity of defendant Spotanski's prior abuse and assault convictions, have been found to bear relevance to Plaintiff's theories and therefore material. Additionally, to be considered scandalous, the allegations must be "irrelevant and 'degrade[s] defendants' moral character, contain repulsive language, or detract from the dignity of the court.'"[18] But the only Defendant who may consider the information degrading did not formally oppose its inclusion. Although the information may shed a negative light on Defendants, such negativity is all too common in litigation, but does not rise to the level of degrading any Defendant's moral character.  For all of these reasons, the Court does not find the material to be scandalous.

In declining to strike the disputed allegations, the Court notes it is not ruling on their later admissibility. Other courts in this District have found a motion to strike to be an inappropriate forum to prematurely determine the admissibility of evidence.[19] The District

---

[18] *Dean*, 2004 WL 3202867, at *1 (internal citations omitted).

[19] *N. Nat. Gas Co.*, 2017 WL 1048365, at *2 (finding "Rule 12(f) . . . is not designed to allow parties to obtain advance rulings on the admissibility of evidence.  [Evidentiary] disputes are more appropriately resolved in the context of a motion in limine instead of prematurely through a Rule 12(f) motion.") (internal citations and quotations omitted).  *See also Sawo*, 2011 WL 3611400, at *2 (finding, "Defendant relies on Fed. R. Evid. 408 to obtain an advance ruling as to the admissibility of evidence . . . [but the] issue on a Rule 12(f) motion, however, is not admissibility of evidence at trial, but rather immateriality, impertinence, and scandalousness of allegations in the complaint. [Evidentiary] disputes are more appropriately resolved in the context of a motion in limine instead of prematurely through a Rule 12(f) motion.").  *See also Kaufman v. Cent. RV, Inc.*, No. 21-2007-SAC-ADM, 2021 WL 809293, at *3 (D. Kan. Mar. 3, 2021) (finding "The district judge may ultimately

Judge will later decide which information is admissible at trial. Having already found the allegations not otherwise immaterial or scandalous, the Court will not strike the information based upon a prediction of its eventual admissibility at this stage of litigation.

### C.    Conclusion

Exercising its discretion, the Court finds the information in the disputed paragraphs to largely bear materiality to the Plaintiff's claims presented, with one exception. As discussed in the conference, the Court finds the circumstances of Spotanski's prior convictions of abuse and assault immaterial and requires Plaintiff to amend his complaint, paragraph 14, to simply reference Spokanski's prior convictions generally rather than including that detail. The remaining allegations do not rise to the level of degradation or indecency to be considered scandalous. Aside from this amendment, the Court resolves any doubt about the importance of the information at issue in favor of the Plaintiff and finds the Blase Defendants failed to meet their heavy burden to demonstrate prejudice. For these reasons, the Blase Defendants' Motion to Strike (ECF No. 27) is DENIED in large part and GRANTED in part.

**IT IS THEREFORE ORDERED** that Blase Defendants' Motion to Strike (**ECF No. 27**) is **DENIED in large part and GRANTED in part** as set forth herein.

**IT IS FURTHER ORDERED** that Plaintiff must amend his Complaint, no later than **February 24, 2022**, to account for the rulings herein.

---

decide that evidence relating to the Kansas legislature should be excluded, but the court is not ruling on admissibility at this stage.").

**IT IS SO ORDERED.**

Dated at Wichita, Kansas this 9th day of February, 2022.

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge